# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JENNIFER SUMMERS, on behalf of herself and all others similarly situated,** | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 2:20-cv-1623 |
| v. | )<br>) **PLAINTIFF'S CLASS AND** |
| **WINCHESTER PLACE LEASING, LLC, d/b/a WINCHESTER CARE AND REHABILITATION** | ) **COLLECTIVE ACTION**<br>) **COMPLAINT**<br>)<br>) |
| and | ) **JURY DEMAND ENDORSED**<br>) **HEREON** |
| **PROVIDENCE HEALTHCARE MANAGEMENT, INC.** | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

Plaintiff Jennifer Summers, by and through counsel, for her Class and Collective Action Complaint against Defendants Winchester Place Leasing, LLC d/b/a Winchester Care and Rehabilitation (Defendant Winchester) and Providence Healthcare Management, Inc. (Defendant Providence) (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (FLSA); and Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law) and § 4113.15 (Ohio Prompt Pay Act or OPPA) (collectively the Ohio Wage Laws). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the FLSA and the Ohio Wage Laws.

1

2. Plaintiff brings this case on behalf of herself and other similarly situated employees who may join this case pursuant to § 216(b).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually related claims under the Ohio Wage Laws (the Ohio Class).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. At all times relevant, Plaintiff Jennifer Summers was a citizen of the United States. Plaintiff was jointly employed by Defendants from approximately November of 2015 to March of 2018 and from July of 2019 to September of 2019, as an hourly non-exempt State Tested Nursing Assistant ("STNA") in one of Defendants' skilled nursing facilities in Canal Winchester, Ohio. Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached to this Complaint.

8. Defendant Winchester is an Ohio limited liability company with its principal place of business at 36 Lehman Drive, Canal Winchester, Ohio 43110. Defendant Winchester's website lists job openings at various facilities operated by Defendants.[1]

9. Defendant Providence is a for-profit Ohio corporation that participates in the operation and management of multiple facilities in Ohio and Kentucky, including Defendant Winchester where Plaintiff worked.

## FACTUAL ALLEGATIONS

### Defendant's Business

10. Defendants operate and manage approximately 20[2] to "31 health care facilities in Ohio and Kentucky with each facility managed by an on-site team."[3]

11. It is estimated that approximately 15 to 20 similarly situated employees work at each location, though some sources reflect "more than 3,000 employees across 32 facilities in Ohio and Kentucky" during relevant times.[4]

### Defendants' as "Joint Employers"

12. At all times relevant, Defendants were individual and joint "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d) and corresponding provisions of the Ohio Wage Laws.

---

[1] http://winchestercareandrehab.com/careers.html (last viewed 3/30/20).

[2] https://www.providencehcm.com/clients (last viewed 3/30/20).

[3] https://www.providencehcm.com/news/providence-winner-of-2018-weatherhead-100-centurion (last viewed 3/30/20).

[4] https://www.mcknights.com/news/products/providence-healthcare-management-chooses-workforce-platform/ (last viewed 3/30/20).

3

13. At all times relevant, Defendants were individual and joint enterprises within the meaning of 29 U.S.C. § 203(r), and enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff and others similarly situated.

15. At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff and others similarly situated.

16. At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff and others similarly situated.

17. At all relevant times, Defendants shared the authority to supervise and control the work schedules and employment conditions to a substantial degree of Plaintiff and others similarly situated. For example, Defendants have an on-site team for each facility it manages, and Defendants "[look] to continue to be the employer of choice in the markets [they] serve."[5]

18. At all relevant times, Defendants shared ultimate authority and control of employment records including payroll records that reflect, relate to, or otherwise record information pertaining to the hiring or firing, supervision and control of the work schedules or conditions of employment, or determining the rate and method of payment of the Plaintiff and those similarly situated. For example, Defendants state that "[i]n an industry with an employee turnover rate exceeding 50%, hiring and retaining the right staff is crucial," and that "'[t]he thing [Eli Gunzburg is] most passionate about is reducing that turnover.'"[6]

---

[5] https://www.providencehcm.com/news/providence-winner-of-2018-weatherhead-100-centurion (last viewed 3/30/20).

[6] *Id.*

19. At all relevant times, Defendants have mutually benefitted from the work performed by Plaintiff and others similarly situated.

20. At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and others similarly situated.

21. At all relevant times, Defendants shared the services of Plaintiff and others similarly situated.

22. At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and others similarly situated.

23. Defendants' current and former hourly employees, including hourly STNA's, hourly licensed practical nurses ("LPNs"), and hourly registered nurses ("RNs"), are similarly situated to Plaintiff and may join this case pursuant to 29 U.S.C. § 216(b). Those current and former Putative Class members who were or are employed in Ohio are part of the Ohio Class.

24. At all relevant times, Plaintiff and those similarly situated were not exempt from the protections of the FLSA or the Ohio Wage Laws.

### Hourly Employees' Compensation

25. Plaintiff, the Putative Class members who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class, were paid hourly wages. In addition to their base hourly pay, Plaintiff, the Putative Class members who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class were also paid nondiscretionary bonuses such as pick up shift bonuses when they picked up a shift that they were not originally scheduled to work and retention bonuses.

26. The non-discretionary pick up shift bonuses were approximately $25-50 per shift depending upon the length of the shift. With respect to the pick-up shift bonus, Plaintiff and other similarly situated employees were contacted and promised that if they picked up shifts that they were not previously scheduled to work, then they would receive non-discretionary bonus payments in an already predetermined amount to induce them to work the shift. These specific types of non-discretionary bonus payments are required to be included in Defendants' regular rate of pay calculations according to the United States Department of Labor Fact Sheet #54 Entitled "The Health Care Industry and Calculating Overtime Pay" which is publicly available and was last revised in July 2009, which is well beyond the three-year lookback.[7]

27. The non-discretionary retention bonuses ranged from $5,000 for hourly RNs, $1,000 for LPNs like Plaintiff, and $500 for STNAs. As with the pick-up shift bonus, DOL Fact Sheet #54 describes retention bonuses like those that Defendants paid Plaintiff and other similarly situated employees. These retention bonuses are required to be included Defendants' regular rate of pay calculations.

28. The purpose of providing the retention bonus to the Putative Class members was to encourage the Putative Class members to become and remain employed with Defendants.

29. Both the pick-up shift bonus and the retention bonus were non-discretionary additional compensation that was required to be included in the regular rate.

30. Plaintiff and the Putative Class frequently worked more than 40 hours in a single workweek, entitling them to overtime compensation under the FLSA and the Ohio Overtime Law.

### Defendants' Miscalculation of Overtime Compensation

---

[7] https://www.dol.gov/whd/regs/compliance/whdfs54.pdf (last viewed 3/30/20).

31. The FLSA and the Ohio Overtime Law required Defendants to pay overtime compensation to Plaintiff and the Putative Class at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," including the retention bonus.[8]

32. Defendants unlawfully excluded the pick-up shift bonus and/or the retention bonus in determining Plaintiff and the Putative Class' "regular rates" for purposes of overtime compensation. Defendants thereby miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff and the Putative Class who may join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

35. The Putative Class members who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of the following:

> **All present and former hourly employees employed by Defendants during the three-year period preceding the commencement of this action to its final resolution who received a pick-up shift bonus or retention bonus, and who worked more than 40 hours in one or more workweeks.**

---

[8] *See* 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.208; O.R.C. § 4111.03(A) (An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended).

36. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of excluding pick-up shift bonuses or retention bonuses from the calculation of employees' "regular rates" for overtime compensation, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

37. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

38. Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that they consist of at least hundreds of people. Such persons are readily identifiable through the payroll records Defendants have maintained and were required to maintain, pursuant to the FLSA and Ohio law.[9]

## OHIO CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the Ohio Wage Laws consisting of the following:

> **All present and former hourly employees employed by Defendants in Ohio during the two-year period preceding the commencement of this action to its final resolution who received a pick-up shift bonus or retention bonus, and who worked more than 40 hours in one or more workweeks (the Ohio Class).**

---

[9] 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. Art. II, § 34a; and O.R.C. § 4111.14(G).

8

41. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of at least hundreds of people. The number of class members as well as their identities are ascertainable from the payroll records Defendants have maintained and were required to maintain, pursuant to the FLSA and Ohio law.[10]

42. There are questions of law or fact common to the Ohio Class, including but not limited to:

   a) Whether Defendants miscalculated the overtime compensation it paid to Plaintiff and other class members by excluding the pick-up shift bonus or retention bonus from the calculation of their "regular rates" for purposes of overtime compensation.

   b) Whether Plaintiff and other class members would have received additional overtime compensation if the pick-up shift bonus or retention bonus had properly been included in their "regular rates" of pay, and, if so, in what amount.

43. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

44. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

45. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

---

[10] *Id.*

Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the Putative Class members who may join this case pursuant to 29 U.S.C. § 216(b).

49. The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

50. Plaintiff and the Putative Class members should have been paid overtime compensation at the rate of one and one-half times their "regular rate" for all hours worked in excess of 40 hours per workweek.

51. Defendant miscalculated and underpaid the overtime compensation it paid to Plaintiff and the Putative Class members by excluding the pick-up shift bonus or retention bonus

from the calculation of their "regular rates." The pick-up shift bonus or retention bonus was non-discretionary and promised to Plaintiff and the potential opt-ins as part of their compensation.

52. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

53. As a result of Defendants' violations of the FLSA, Plaintiff and the Putative Class members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself and the Putative Class members who worked for Defendant in Ohio and who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

56. Additionally, the OPPA requires that Defendants pay Plaintiff and other similarly situated employees all wages on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned by her during the preceding calendar month. O.R.C. § 4113.15(A).

57. At all times relevant, Defendants were individual and joint employers covered by the Ohio Wage Laws.

58. Defendants violated the Ohio Wage Laws by excluding the pick-up shift bonus or retention bonus from the calculation of employees' regular rates for purposes of overtime computing compensation. Such unpaid overtime wages remain unpaid.

59. Defendants' of the Ohio Wage Laws injured Plaintiff and the Putative Ohio Class members who worked for Defendants in Ohio in that they did not receive overtime compensation due to them pursuant to that statute.

60. By engaging in that practice, Defendants willfully violated the Ohio Wage Laws and regulations thereunder that have the force and effect of law.

61. Due to Defendants' joint violations of the Ohio Wage Laws, Plaintiff and other similarly situated employees are entitled to recover from Defendants all unpaid compensation, and liquidated damages in the amount equal to 6% of unpaid overtime or $200 for each pay period that Defendants failed to pay overtime, whichever is greater. In addition, Plaintiff is entitled to reasonable attorneys' fees and costs and disbursements of the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and other members of the FLSA Collective and the Ohio Class;

D. Award compensatory damages to Plaintiff and other members of the FLSA Collective and the Ohio Class in the amount of their unpaid wages and

commissions, as well as liquidated damages as provided under the FLSA and the Ohio Wage Laws;

E. Award pre-judgment and/or post-judgment interest at the statutory rate; and,

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Date: March 30, 2020

Respectfully submitted,

**COFFMAN LEGAL, LLC**

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
*mcoffman@mcoffmanlegal.com*

*Attorney for Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman